IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–00731–EWN–KMT

HARRY SCHREIBER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

---

# ORDER

---

This matter is before the court on defendant's "Unopposed Motion for Order to 1) Stay Discovery Pending Ruling on United States' Motion to Dismiss, and 2) Vacate Scheduling Conference Set for July 22, 2008" [Doc. No. 20, filed July 17, 2008].

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

In assessing the propriety of a stay, this court must consider: whether the movant is likely to prevail in the related proceeding; whether, absent a stay, any party will suffer substantial or irreparable harm; and, the public interests at stake. *Landis,* 299 U.S. at 254; *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003); *Battle v. Anderson*, 564 F.2d 388, 397 (10th Cir. 1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983) (*quoting Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. Where a defense of immunity has been raised, however, there is basis for the position that "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Liverman v. Comm. on the Judiciary*, 51 Fed. App'x. 825, 2002 WL 31379892, *2 (10th Cir. 2002) (unpublished).

While a stay of all discovery is generally disfavored in this District, *Chavez v. Young American Ins. Co.*, 2007 U.S. Dist. LEXIS 15054 (D. Colo. Mar. 2, 2007); *Ruampant v. Moynihan*, 2006 U.S. Dist. LEXIS 57304 (D. Colo. Aug. 14, 2006), a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In considering whether a stay of all discovery pending the outcome of defendant's Motion to Stay is warranted, a case-by-case analysis is required because such an inquiry is necessarily fact-specific and depends on the particular circumstances and posture of each case.

Underlying this Colorado case is a conviction of the plaintiff of conspiracy, wire fraud and bankruptcy fraud in the Western District of Texas wherein the plaintiff was required to pay restitution of $354,253.11. The United States Attorney's Office in the Western District of Texas, the district of conviction, is attempting to collect the debt through writs of execution. Defendant United States has moved to dismiss the complaint, both for lack of subject matter jurisdiction and for failure to state a claim. [Doc. No. 15]. The motion challenges the plaintiff's right to attack a writ of execution in Colorado instead of in the court that issued the writ, in this case the Western District of Texas. Defendants assert the Federal Debt Collection Procedures Act (FDCPA) does not waive sovereign immunity for a Colorado lawsuit against the United States, to collaterally attack a writ issued by the Western District of Texas. *Id.*

The United States is normally entitled to stays of discovery in cases raising sovereign immunity since sovereign immunity shields the United States "'from the burdens of becoming involved in any part of the litigation process, from pretrial wrangling to trial itself.'" *Raccoon Recovery, LLC v. Navoi Mining & Metallurgical Kombinat*, 244 F. Supp.2d 1130, 1141 (D. Colo. 2002) (quoting *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992)); *Liverman,* 2002 WL 31379892 at *2. "Sovereign immunity is an immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *In re Papandreou*, 139

F.3d 247, 251 (D.C. Cir. 1998). The "full enjoyment of . . . sovereign immunity is irrevocably lost once the [sovereign] is compelled to endure the burdens of litigation."). *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1172 (10th Cir. 1998).

IT IS HEREBY ORDERED:

1. Defendant's "Unopposed Motion for Order to 1) Stay Discovery Pending Ruling on United States' Motion to Dismiss, and 2) Vacate Scheduling Conference Set for July 22, 2008" [Doc. No. 20] is GRANTED. Discovery is stayed pending ruling on defendant's Motion to Dismiss [Doc. No. 15].

2. The Scheduling Conference set for July 22, 2008 at 9:45 a.m. is VACATED.

Dated this 21st day of July, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge