IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00731-PAB-KMT

HARRY SCHREIBER,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____

**ORDER**
_____

Plaintiff Harry Schreiber filed the present action in an attempt to stay and challenge the propriety of collection efforts underway in the Western District of Texas. The matter is currently before the Court on defendant United States' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [Docket 15]. Jurisdiction in this case is premised upon 28 U.S.C. § 1331 (federal question).

## I. FACTUAL BACKGROUND

The following facts derive from plaintiff's complaint and are accepted as true for the purposes of this Order. Plaintiff was convicted of criminal charges in the Western District of Texas. His conviction resulted in a term of imprisonment and a restitution judgment in excess of $300,000. After plaintiff's prison term was complete, defendant United States commenced efforts in the Western District of Texas to collect on the restitution judgment pursuant to the Federal Debt Collection Procedures Act (FDCPA),

28 U.S.C. § 3001 *et seq.* (2006), in correlation with 18 U.S.C. § 3613 (2006). The collection efforts have included attempts at retrieving plaintiff's assets in Colorado, where he resided at the time he filed his complaint in the case before this Court. On or around January 2, 2008, defendant United States sought, and later received, a writ of execution against plaintiff's property from the District Court in the Western District of Texas. Plaintiff responded by requesting a hearing regarding his claimed exemptions, presumably pursuant to 28 U.S.C. § 3202(d), and by requesting a transfer to the District of Colorado, presumably pursuant to 28 U.S.C. § 3004(b)(2). Apparently, the request for transfer was denied, and the Court in the Western District of Texas retained jurisdiction over the defendant's execution efforts against plaintiff.

Plaintiff now comes before this Court asserting that the collection efforts in Colorado originating out of the Western District of Texas are improper and asks this Court to enjoin them and conduct an independent evaluation of their validity.

## II. ANALYSIS

### A. Federal Rule of Civil Procedure 12(b)(1)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate if the Court lacks subject matter jurisdiction over claims for relief asserted in the complaint. As an important first step to any case, a federal district court must satisfy itself as to its jurisdiction over the subject matter. *See Thompson v. United States*, 291 F.2d 67, 68 (10th Cir. 1961) ("It is elementary that the court's first duty is to determine its jurisdiction to entertain and decide a case on its merits.") Plaintiff, as the party invoking federal jurisdiction, bears the burden of proof as to this Court's jurisdiction over

2

the subject matter of the case.  *See Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999) (quoting *Marcus v. Kansas*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

Defendant United States argues that this Court lacks subject matter jurisdiction over plaintiff's claims because they seek to collaterally attack an order from another federal district court.  Although plaintiff has not filed a model "well-pleaded complaint," the complaint does refer to, although does not cite, the procedures in the FDCPA which entitle a debtor to a hearing in which to challenge the government's execution efforts. *See* 28 U.S.C. § 3202(d).  Contrary to defendant's assertions, one federal district court may have jurisdiction to review another federal district court's ruling, at least in the cases of fraud, accident, mistake, or when otherwise warranted in equity.  *See Carter v. Attorney Gen. of the U.S.*, 782 F.2d 138, 142 n.4. (10th Cir. 1986).

Ultimately, however, I need not take a definitive position on the Rule 12(b)(1) basis for dismissal, for this case is more properly addressed under Rule 12(b)(6).  *See United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702, 717 (10th Cir. 2006) ("When subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case, then the jurisdictional question is intertwined with the merits of a case, and a Rule 12(b)(1) motion should be resolved under either Rule 12(b)(6) or Rule 56."); *see also Green v. Citigroup, Inc.*, 68 F. App'x 934, 936 (10th Cir. 2003) (unpublished) (upholding district court's dismissal under Rule 12(b)(6) of a collateral attack on another district court's proceedings).

## B. Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6), dismissal of a claim for relief is appropriate where the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In testing the legal sufficiency of the complaint, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, the Court need not accept conclusory allegations as true. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002). Rather, to survive dismissal pursuant to Rule 12(b)(6), "a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 1974 (2007)). Inherent in Rule 12(b)(6)'s requirement that a party "state a claim upon which relief can be granted" is the imperative that, for a claim to survive dismissal, the court must have the authority to grant the relief sought should the party successfully prove his factual allegations.

Plaintiff Schreiber is asking this Court to stay the Writ of Execution issued by the District Court for the Western District of Texas. *See* Compl. [Docket No. 1] at 3. Plaintiff further requests that this Court conduct a hearing regarding the validity of the underlying debt and the application of laws exempting certain property from debt collection.

The statute under which plaintiff requests relief, the FDCPA, provides a process for the relief he seeks. It allows for transfer of the proceedings to the district where the

4

debtor resides. 28 U.S.C. § 3004(b)(2) (2006). However, the petition for transfer is to be presented to the court in which the proceedings are pending. *See*, *e.g.*, *United States v. Nash*, 175 F.3d 440, 442 (6th Cir. 1999); *United States v. Tedder*, No. 02-CR-0105-C-01, 2004 WL 415270, at *3 (W.D. Wis. Feb. 26, 2004). Thus, plaintiff's request that this Court stay the action in the Western District of Texas is improper because it would serve as a de facto transfer.

Any dissatisfaction that a debtor has with the result of a transfer request in the appropriate court is more properly asserted in an appeal to the court of appeals for that circuit. *See Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965); *O'Dell v. U.S. Gov't*, 251 F. App'x 578, 579 (10th Cir. 2007) (unpublished). This Court cannot grant plaintiff the relief he seeks and, as a consequence, must dismiss his claims under Federal Rule of Civil Procedure 12(b)(6).

The other relief that plaintiff seeks in the present case – a hearing regarding the validity of the underlying debt and claims of property exemption – is also provided for in the FDCPA. *See* 28 U.S.C. § 3202(d) (2006). Once again, however, the statute provides for this review in the court which issued the writ in the first instance. 28 U.S.C. § 3202(d) (2006) ("*The court that issued such order* shall hold a hearing on such motion . . . .") (emphasis added). As a result, this Court cannot afford plaintiff the relief he seeks, and dismissal under Rule 12(b)(6) is in order.

### C. Additional Considerations

In addition to the statutory restrictions on plaintiff's requested relief, prudential considerations militate against plaintiff's request that this Court collaterally attack the

5

proceedings in the Western District of Texas. Federal courts commonly apply the principles of comity when contemplating action that could undermine or interfere with another federal court's affairs. *See West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728 (5th Cir. 1985); *Wyoming v. U.S. Dep't of Agric.*, 570 F. Supp. 2d 1309, 1351-52 (D. Wyo. 2008). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime*, 751 F.2d at 729. In what has been described as "the self-imposed rule of comity," *see O'Hare Int'l Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972), the Tenth Circuit admonishes district courts that "[t]he simultaneous prosecution in two different courts of cases relating to the same parties and issues leads to the wastefulness of time, energy and money." *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965) (internal quotation marks omitted).

The Tenth Circuit has created a presumption that the court that first obtains jurisdiction over the same parties and issues is the appropriate court to resolve the case. *See O'Hare Int'l Bank*, 459 F.2d at 331 ("It is well established in this Circuit that where the jurisdiction of a federal district court has first attached, that right cannot be arrested or taken away by proceedings in another federal district court." (citing *Cessna Aircraft*, 348 F.2d 689)); *see also Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995) ("[I]t is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a

higher court, its orders based on its decision are to be respected." (quoting *Walker v. Birmingham*, 388 U.S. 307, 314 (1967)).

The equitable power of a court to grant relief from a civil judgment issued by another federal court does not undercut the presumption that the first court to obtain jurisdiction is the appropriate court to the resolve the issue. Courts decline to exercise their equitable power where relief may be had in the court which originally issued the judgment. *See Carter v. Attorney Gen. of the U.S.*, 782 F.2d 138, 142 n.4. (10th Cir. 1986).

Therefore, considerations of comity and orderly administration of justice also discourage this Court from circumventing the FDCPA procedures as they are being applied by the District Court for the Western District of Texas. The rule of federal comity, as a self-imposed restraint, weighs against this Court's granting the relief sought by plaintiff. Furthermore, because the interests of comity are not served merely by staying this case until the proceedings in the Western District of Texas conclude, *cf. Cessna Aircraft*, 348 F.2d at 692; *O'Hare Int'l Bank*, 459 F.2d at 331-32, comity in this case favors dismissal. *Cf. West Gulf Maritime*, 751 F.2d at 729.

## III. CONCLUSION

For the reasons discussed above, plaintiff Schreiber has failed to state any claim for which this Court can or should grant relief. Accordingly, it is

**ORDERED** that defendant United States' motion to dismiss [Docket No. 15] is GRANTED and plaintiff's claims are dismissed without prejudice. It is further

**ORDERED** that the clerk shall forthwith enter judgment in favor of defendant United States and against plaintiff Schreiber, dismissing plaintiff's claims without prejudice. Defendant United States may have its costs by filing a bill of costs within eleven days of the date of this order.

DATED March 31, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge